(Hamilton County Ohio Common Pleas.)

## THE STATE OF OHIO v. ALBERT LUKENS.

*Prosecution for Homicide—Murder—Definition of degrees—Murder in committing robbery—Confessions, Admissibility of—*

*Indictment for murder.*

CHARGE OF THE COURT.

PFLEGER, J.

The defendant, Albert Lukens, stands before you charged with the crime of murder in the first degree. He has plead thereto "Not guilty". You have been sworn to determine whether or not the charge so made is true. The indictment in the first count alleges that the defendant on the 15th day of March, 1899, in Hamilton county, Ohio, unlawfully, purposely and of deliberate and premeditated malice did kill and murder one Julia Dorothea Stiegler by inflicting upon her certain mortal wounds with a certain instrument, a piece of iron. The second count in the indictment charges that the defendant on the 15th day of March, 1899, in Hamilton county, Ohio, unlawfully and purposely did kill and murder one Julia Dorothea Stiegler, by inflicting upon her certain mortal wounds with a certain piece of iron while in the perpetration of a robbery. We will now consider the first count only.

LESSER GRADES: Although the indictment by its terms charges the defendant, in the first count, with murder in the first degree, the law provides that the lesser grades of crime shall be included in the greater. This charge of murder in the first degree in the first count therefore embraces (2) murder in the second degree, (3) manslaughter, (4) assault and battery, (5) assault alone, (6) not guilty. That is to say, if in your judgment the evidence before you under the law here given you does not warrant you in finding the defendant guilty of murder in the first degree, you may, if under the law the testimony does warrant you, find him guilty of murder in the second degree; or if in your judgment the evidence under the law does not warrant you in finding him guilty of as high a crime as murder in the second degree, you may, if the law and evidence warrant you, find him guilty of manslaughter; or if the evidence, under the law does not warrant you in finding him guilty of as high a crime as manslaugher you may, if the law and evidence warrant you, find him guilty of assault and battery; or, if the evidence, under the law, does not justify you in finding him guilty of as great an offense as assault and battery, you may find him guilty of assault alone; or, lastly, if the law and evidence do not warrant you in finding him guilty of either of such grades, you may, if the law and evidence warrant, find him not guilty.

MURDER IN THE FIRST DEGREE: Whoever purposely and with deliberate and premeditated malice kills another, or whoever purposely in perpetrating robbery kills another, is guilty of murder in the first degree and shall be punished by death in the electrical chair, unless the jury trying the action recommends mercy, in which case the punishment shall be imprisonment in the penitentiary during life, without the right of being recommended for pardon or parole except upon proof of innocence established beyond a reasonable doubt.

Before you can convict the defendant of murder in the first degree as charged in the first count (that is, without perpetrating a robbery), it is necessary that you and each of you should be satisfied beyond a reasonable doubt that he killed Julia Dorotha Stiegler, (1) unlawfully, (2) purposely, (3) maliciously, and (4) deliberately and premeditatedly.

BURDEN OF PROOF: The burden of proof is upon the state to satisfy you of each and every allegation in the indictment, beyond a reasonable doubt.

PRESUMPTION OF INNOCENCE: Upon the trial of all criminal cases the law presumes a party charged with crime to be innocent. A presumption of innocence is to infer or take for granted as a fact, that a man is not guilty. You must take for granted therefore, that this innocence prevails throughout the trial upon every material fact that you will be called upon

to consider, until it is overcome by full proof, such as will exclude all reasonable doubt of the guilt of the accused. The return of an indictment creates no presumption of guilt against the defendant.

REASONABLE DOUBT: Before you can render a verdict of guilty against the defendant you must find from the evidence produced before you that each and every fact charged in the indictment has been established to such a degree of certainty as to exclude from your minds every reasonable conclusion except that of guilt; or in other words, your minds must be so satisfied that the crime was committed by this defendant as to leave no other rasonable conclusion possible. Indeed, upon any reasonable theory if you can truthfully make all the evidence before you agree with the defendant's innocence, you should do so.

Now, what is a reasonable doubt? The words, looked at fairly, are perhaps sufficient to explain themselves. To doubt is to be uncertain. A reasonable doubt is one based on reason. It does not, however, mean a doubt arising from a mere fancy or whim, or from motives of charity or mercy, nor does it mean a doubt existing in the mind because of the fear of rendering a disagreeable verdict. It means such an honest doubt as you would be willing to act upon in the more weighty and important matters relating to your own affairs, or such a just and honest doubt after a fair comparison and consideration of all the evidence so that you cannot honestly say that you are satisfied of the defendant's guilt. If you cannot so say, then there is a reasonable doubt existing and it would be the duty of the jury to acquit; but if you can say that you feel a fixed, firm belief or conviction to an honest certainty of the truth of the charge, then there is no reasonable doubt left and you would be justified in finding the defendant guilty.

CORPUS DELICTI: Not only in the crime of murder in the first degree but in all others mentioned to you there are certain necessary elements embodied in the indictment which must be proven by the state by the same standard, viz., beyond a reasonable doubt. These elements are as follows: (a). Was Julia Dorotha Stiegler a living person and is she now dead? (b). If so, was she killed by someone other than herself. These constitute technically the "corpus delicti", meaning "the body of the crime." (c). Was she killed by the defendant Albert Lukens by inflicting certain mortal wounds upon her head with a piece of iron? (d). Were the acts committed in the county of Hamilton and state of Ohio? (e). And were the acts committed on or about the 15th day of March, 1899? If from all the evidence you answer "No" to either of thse questions you need go no further with the case. You must then acquit the prisoner. If however, you answer all of them affirmatively, you will then proceed to examine the evidence with a view of ascertaining whether all the other elements necessary to convict of any of the grades of crime mentioned to you have been made out by the state, again by the same standard—beyond a reasonable doubt. We will define now the essential elements of murder in the first degree as charged in the first count.

*Material Elements of First Degree Murder.*

"UNLAWFULLY" simply means that which is unlawful and contrary to law. Confessedly the killing of a human being is unlawful and contary to law.

"PURPOSELY" means an intent to kill. To do an act purposely means to do it intentionally and not accidentally. This is the sense in which the term is used in this indictment. It indicates an operation of the mind, an act of the will, an intention—a design to do the act. The presence or absence of purpose is a question of fact to be determined by the jury from all the testimony and circumstances of the case. It is a general principle that what a man does willfully, he intends to do, and that he intended the reasonable and natural consequences of his voluntary act, unless the circumstances are such as to indi-

cate the absence of such intent. If a blow with a deadly weapon (and a piece of iron pipe although not of itself deadly, yet if used with sufficient force may become such) be intentionally struck upon the head or any vital portion of the person the natural consequence of which is death, or such weapon be used in a manner purposely calculated to destroy life, then the intent to kill such person may be inferred or presumed from such use of the weapon, and the purpose to kill is made out.

"MALICIOUSLY": What is meant by the word "malice" or "maliciously" is a willfully formed design to do another an unlawful injury. It springs from a wicked, depraved or evil heart. It is not necessary that it should be confined to a particular ill-will. We are apt to associate malice with anger, hatred or revenge, but malice in the eye of the law may exist without the presence of either of these passions. It is shown by any act which arises from a wicked and corrupt motive attended by circumstances indicating a heart regardless of social duty and bent on mischief. If the life of Julia Dorothea Stiegler was taken purposely by the defendant and it was not done in self-defense or in a sudden transport of passion or in the "heat of blood" upon reasonable provocation, malice may be inferred and made out from such act.

"DELIBERATION AND PREMEDITATION": As you may observe, malice may be inferred from the act of killing. But there is no presumption from such act that it was done with deliberation and premeditation. These latter elements must be proven by affirmative evidence. To premeditate and deliberate means to plan or to fix upon an act or deed, or to think about it beforehand and then to weigh or consider or turn it over in your mind. The traveler on the highway comes to two roads leading in different directions; he hesitates, considers, determines which to take, and moves on. That is an operation of the mind. A purpose suggests itself—that is, he thinks of doing something. The question is, to do or not to do; turn it over in our minds, consider it, and then act. That is what is meant by deliberation and premeditation. If the purpose be to kill, malice may stand confessed. If the killing be unlawful, the purpose to kill may of itself show malice, and if this had been weighed or considered or turned over in the mind and then decided upon, that would be "deliberate and premeditated malice" as charged in the indictment. The law fixes no time for deliberation and premeditation, except sufficient time therefor before the act of killing. It is left as a question of fact to the jury to be determined from all the evidence whether the defendant has actually had time to turn it over in his mind, weigh it and deliberate upon it.

CHAIN OF EVIDENCE—: The elements just described are said to form the links of a complete and outstretched chain of evidence connecting an accused with the crime of murder in the first degree. These elements must therefore all be present.

If any one fails, the proof is not complete. Should but a single link be incomplete or missing, the chain is broken and of necessity falls to the ground.

If then, under the definitions just given you, you find from all the evidence and circumstances that the defendant Albert Lukens at the time did unlawfully, purposely and with deliberate and premeditated malice kill Julia Dorothea Stiegler, in Hamilton county, Ohio, on or about the 15th day of March, 1899, in manner and form as alleged in the first count of the indictment, and that all these essential elements have been made out to your satisfaction beyond a reasonable doubt, your verdict should be guilty of murder in the first degree. If any one of such elements has not been made out, you will then pass on to the definition and consideration of murder in the second degree, unless you find the defendant guilty of murder while perpetrating a robbery, as charged in the second count of the indictment—(This second count we will discuss later.)

If you should return a verdict of murder in the first degree, under either the first or second count of the indictment, together with a recommendation of mercy, then it is obligatory upon the court to sentence the defendant to the penitentiary during his natural life without the right of being recommended for either pardon or parole, in the manner heretofore described. The difference between murder in the first degree with a recommendation of mercy and murder in the second degree is, that while the punishment for murder in the second degree is also imprisonment in the penitenitary for life, the judgment of murder in the second degree does not preclude the defendant from a future recommendation for pardon or parole. The law is not changed as to murder in the second degree, manslaughtr, assault and battery or assault; and as to these the full right to recommendation for pardon or parole still applies.

MURDER IN THE SECOND DEGREE: The necessary elements making out murder in the second degree are the same as those of murder in the first degree, except that it is not necessary that the killing should be one of "deliberate and premeditated malice". In other words, murder in the second degree is the killing of a human being, which is unlawful and criminal and which is committed purposely and maliciously. And in determing whether the defendant is guilty of this degree of crime you should apply the same definitions to the words "Unlawfully", "Purposely" and Maliciously" as have already been given in connection with murder in the first degree.

If you find from all the evidence and circumstances that the defendant Albert Lukens did unlawfully, purposely and maliciously, but without deliberation and premeditation kill Julia Dorothea Stiegler, in Hamilton county, Ohio, on or about March 15th, 1899, as alleged in the first count of the indictment, and that all of these essential elements have been made out beyond a reasonable doubt, your verdict should be guilty of murder in the second degree. If, how-

ever, any one of these elements has not been so made out, you will then pass on to the definition and consideration of manslaughter.

MANSLAUGHTER: Manslaughter is the unlawful killing of another without malice and without premeditation and deliberation, and is punishable by imprisonment in the penitentiary from one to twenty years.

Neither purpose to kill nor malice is necessary to convict. Any taking of human life, unless under the circumstances it is required or excusable or justified by law, is unlawful. In manslaughter the unlawful killing may be either upon a sudden quarrel or in a heat of passion, or during an unlawful assault, and death results though not intended, or it may be the unintentional killing of the wrong person. If then from all the evidence and circumstances of the case you find beyond a reasonable doubt that the defendant Albert Lukens did unlawfully, but not purposely and not with deliberate and premeditated malice, kill Julia Dorothea Stiegler in Hamilton county, Ohio on or about March 15th, 1899, in manner as alleged in the indictment, your verdict should be guilty of manslaughter. If, however, any of the elements necessary to make out manslaughter have not been so proven, you will then pass on to the definition and consideration of assault and battery.

ASSAULT AND BATTERY: Assault and battery is the unlawful beating or any other wrongful intentional violence inflicted upon a human being without his consent, and being a mere misdemeanor is punishable by fine or imprisonment in the workhouse or jail. If then, the striking was wrongful or if intentional violence was used upon a human being and where the person injured has not infact died from the wounds or injuries so inflicted, but from some other cause, or a year and a day has intervened between the violence and death, it would only be assault and battery. If, therefore, you find that the defendant unlawfully beat and struck Julia Dorothea Stiegler on or about March 15th, 1899, in the county of

Hamilton and state of Ohio, in the manner and form charged in the indictment, without such violence causing death, or not causing death within a year and a day therefrom, your verdict should be guilty of assault and battery.

ASSAULT: Assault is the lowest grade of offense of which you can find the defendant guilty under this indictment. An assault is a mere attempt with force and violence to do some bodily harm to another, but it must not be more than an attempt and must fall short of inflicting the attempted injury—such as striking at a person, with or without a weapon, within striking distance, but without actually touching the person. If any blows were struck by defendant, inflicting wounds, then assault alone would not apply. A threatening gesture giving reasonable grounds of danger may be an assault. If you find, therefore, beyond a reasonable doubt, that an assault only has been committed by the defendant upon Julia Dorothea Stiegler, at the time alleged in the indictment, without any blow touching her person, your verdict should be guilty of assault only.

(MURDER WHILE PERPETRATING ROBBERY.) As has been explained to you, the lesser grades of murder in the second degree, manslaughter, assault and battery and assault alone are only applicable to the crime charged in the first count of the indictment, in which robbery is not mentioned. The second count of the indictment charging an unlawful and purposed killing while in the perpetration of a robbery, does not admit of any other or lower grades, and if the defendant is guilty of any unlawful and purposed killing while in the commission of a robbery, there can be but two verdicts: one, guilty of murder in the first degree, (that is, without any mention of a recommendation of mercy) and the other, guilty of murder in the first degree with a recommendation of mercy. The words "of deliberate and premeditated malice" are omitted from the definition and allegation made in the second count. It is not necessary, therefore, in order to convict under this count, that there be either deliberation, premeditation or malice. This crime however has other elements which are necessary to be established by the state beyond a reasonable doubt, viz.: that it was committed (1) "unlawfully", (2) 'purposely', and (3) while in the perpetration of a robbery. The killing must be unlawful and it must be done purposely or intentionally as heretofore defined and explained to you. It is necessary also to be shown that the accused was actually engaged in the act of robbing: that is, feloniously or unlawfully and forcibly taking from the deceased either money or goods of any value, by violence or by putting her in fear, or against her will, and that he succeeded in obtaining either money or goods at that time. The amount and value of the property or money so taken is not material, but it must be of some value, however little, to the person robbed. If you find therefore, from the testimony and the surrounding circumstances, beyond a reasonable doubt, that the defendant Albert Lukens, on or about the 15th day of March, 1899, in the county of Hamilton and state of Ohio, did unlawfully and purposely kill and murder Julia Dorothea Stiegler with a certain instrument—a piece of iron—while engaged in feloniously or unlawfully and forcibly taking from said Julia Dorothea Stiegler money or goods of any value by violence or by putting her in fear or against her will, and that he succeeded in obtaining said goods or money, then your verdict should be guilty of murder in the first degree as charged in the second count, and not guilty as charged in the first count of the indictment. This verdict may also be with or without a recommendation of mercy, at the option of the jury.

(RECOMMENDATION OF MERCY.) Under the present law the jury has the right under either count in the indictment, if they find the defendant guilty of murder in the first degree, to recommend mercy to the court, the result of which reduces the punishment from death in the elec-

trical chair to imprisonment for life without the right of pardon or parole, as explained to you. This right or option requires no testimony or proof on the part of the defendant and may be exercised by the jury under the same evidence which would jusitfy the return of a verdict the punishment of which is death in the electrical chair. It is entirely within your province and discretion to say whether there is any circumstance or fact in the case —such as his age, his intelligence, or the nature of the crime committed or its surroundings—or whether from all the evidence you believe that notwithstanding his guilt of murder in the first degree mercy or clemency should be extended. If you do recommend mercy, the court is bound to reduce the punishment to life imprisonment as described.

If, however, you find from all the evidence under the law as given you that the state has failed to make out a case against the defendant beyond a reasonable doubt under either count and under either of the lesser grades mentioned, then your verdict must be generally "Not guilty".

### Confessions.

Confessions are either statements of the accused's guilt signed by him, or statements of other witnesses that the accused made admissions of guilt in their hearing. These confessions are admissible—that is to say, proper to go to the jury—provided they are "voluntary." By "voluntary" is meant that the confessions are made of the free will and accord of the defendant, without fear of any threat of harm, or without promise or inducement by hope of reward.

Whether the confessions are or not so voluntary, so as to be admitted in evidence, is a question for the Court and not for the jury. In this case it has been submitted to the court, after hearing all the evidence offered by the parties, and the arguments of counsel, and the court has decided that the alleged confessions made by the accused at his residence were not voluntary, and those have been excluded from the consideration of the jury.

The alleged confessions made to Lieutenant Scahill after the accused was first locked up in a cell, the alleged oral confession to Colonel Deitsch, Superintendent of Police, the alleged written confirmation of such oral statements to Colonel Deitsch, the alleged written confessions made to Joseph Garretson, reporter of the Times Star, and to William Taylor, reporter of the Cincinnati Post, the alleged oral statement made before the coroner and the subsequent alleged oral confession again made to Chief Deitsch have, each of them, been admitted for the consideration of the jury, because the court has decided that they were all "voluntary."

By this decision of the court you are bound. You have no right to reject these alleged confessions and consider them as no evidence. On the contrary, you should take such admissions, if you should find such alleged confessions were made, and consider them with reference to their truthfulness and effect the same as any other evidence of an alleged fact which you may find appearing in the case, giving them such weight and credence as you believe, under all the circumstances of the case, are their just due.

You should consider these alleged confessions in these aspects: Were each and all of those admitted by the court in fact made? If you find that any of them were not in fact made, reject them. If you find that any of them were actually made by the accused, you will then consider whether any such were false. If so, they are of no weight whatever, and should be rejected.

If any one alleged confession is true in fact, and if therein the accused admits that he killed this woman, and it is shown by other evidence, beyond a reasonable doubt, that Julia Dorothea Stiegler was found murdered in this county on or about March 15, 1899, even though there were no evidence of identification of the accused, or any other circumstantial evidence, this will be sufficient to warrant you in finding the accused guilty of one of the grades of crime mentioned.

If a person of sound mind, over 14

years of age, in the full possession of his faculties, coolly and deliberately makes a true confession of guilt, the confession is entitled to your most careful consideration. Especially is this so if the accused does it under circumstances just related, and then confirms it over his own signature.

Sane men, who are innocent, as a rule do not sign written confessions of their guilt of such a crime; on the other hand if these confessions are forgeries or if a person is not of sound mind or not in the full possession of his faculties, or there is a motive for making false confessions, or he knowingly made false confessions, they are entitled to no consideration whatsoever·

The defendant, however, does not plead insanity, either as a defense or in making any of the alleged confessions. In determining this question you should take into account the defendant's age, education and experience, his physical, mental and moral condition at the time said alleged confessions were made, the evidence of all the persons testifying to the same, especially the evidence, if any of the defendant's statements in his alleged confessions of incidents of the crime which could not have been known to any one but the perpetrator, (unless such statements were false,) with a view, not to reject them as involuntary confessions, nor as showing insanity, but as tending to throw some light on the question of their truthfulness and effect. You can not disregard them, if actually made, and they are true, merely because you believe certain persons, officers or reporters were guilty of threats or intimidations or improper conduct toward the prisoner at the time or before the confessions were made. Had they been guilty of such conduct as warranted their exclusion, the court would have rejected the alleged confessions as involuntary. If, however, you find that the alleged confessions are true, then, no matter how worthy of blame the officers or reporters may have been, or no matter what threats they made or falsehoods they told the defendant, you are not authorized to reject them or refuse to consider them and acquit a defendant you believe to be guilty of murder, merely to show your disapproval of such conduct or behavior, or to punish such officers or reporters. You should consider each alleged confession and all parts thereof, if true, but you are not bound to believe all the statements in it. You may believe some parts and reject such parts as are false.

CIRCUMSTANTIAL EVIDENCE.

Evidence is either positive and direct, that is a recital of facts testified to by eye-witnesses of the presence of the accused at the time and place of the commission of the act, or it is circumstantial, that is, facts shown by mere circumstances connecting an accused with the commission of the offense charged. The testimony of eye-witnesses as a rule is a better class of evidence, but when testimony has been given showing circumstances connecting the accused with the crime and such circumstances are real and natural and likely to correspond with each other, it may establish a complete chain of evidence showing the defendant's guilt. When they are inconsistent with each other or irreconcilable with the proven facts there is an inference at least that the tale is not true. Established facts may be shown on circumstantial evidence which taken separately or abstractly are no evidence of the defendant's guilt; or where the circumstances are so remote or where it is apparent that they can throw no light on the subject the proof should be entirely rejected. Where, however, they are real and natural, or such a part of the history of the case or conduct of the accused as may connect him with the subject of the crime or become important in connection with other facts and circumstances they are proper means of evidence as tending to establish guilt. Where the circumstances are irreconcilable upon the theory of the accused's innocence the jury are bound to so treat them. It is only when the facts and circumstances are irreconcilable with his innocence that he can be convicted.

ALIBI. Under a plea of "not

guilty" the defendant Albert Lukens interposes the claim and defense that at the time of the alleged commission of the crime he was not at the house of the deceased Mrs. Stiegler in Hyde Park. This is what is termed in law an alibi, signifyng "elsewhere". An alibi is a legitimate and proper defense if satisfactorily shown and places no burden of proof upon the defendant. The burden of proof of the defendant's presence at the house and his connection with the crime still remains with the state. The defendant claims that he was at that identical time in and about Clifton, near his residence, that on that particular day he was not in Hyde Park, and therefore that it was a physical impossibility for him to have committed the crime at the same time. It is essential, however, to the satisfactory proof of an alibi that it should cover either all of the time during which the crime was committed or so much of it as to render it impossible that the person could have committed the act. You should ascertain which testimony is true and from it consider the movements and whereabouts of the defendant during the day on which the crime was committed and determine whether or not the defendant has proved an alibi— which is a question of fact for the jury. In doing so you must weigh all the evidence in the case including the true and correct testimony relating to the alleged alibi, and determine from all such evidence and the surrounding circumstances whether it was shown by the state beyond a reasonable doubt that the defendant had committed the crime with which he is charged.

If by reason of all such evidence and such surrounding circumstances, (although you may not be able to say that the alibi has been fully proven,) you should entertain any reasonable doubt of the defendant's guilt, he is entitled to a verdict of not guilty.

An alibi and a true confession of guilt cannot both be present, and are necessarily inconsistent. If, however, an alibi has not been made out, or the witnesses testifying thereto are mis-

taken as to the time, and if you entertain no such reasonable doubt as to his presence at the time of the commission of the crime, and still believe that a true confession was in fact made and knowingly made, and that it is true that in such confession the defendant admitted his guilt, your verdict should be guilty of whichever grade of offense you may deem the testimony under the law warrants.

GOOD CHARACTER. Evidence has been offered on behalf of the defendant for the purpose of showing that at and prior to the time when he is charged with the commission of this crime, his reputation and his character for honesty as a law-abiding young man, and for peace and quietness, were good. Reputation is what people in the vicinity say of you; character is your inherent qualities— what you are in fact. Evidence of reputation therefore is admissible as tending to prove character. Character is the object of the inquiry. If character be in fact good it should not affect a man because people speak ill of him. So if character be bad, evidence of people unaware of this bad character who testify to a man's good character would not establish good character.

All this evidence should be considered on the question of the defendant's guilt as well as on the question of the grade of crime, or offense of which he may be guilty. If the character be good its weight may create a doubt as to his guilt or as to the grade of the offense charged. The reasonable effect of proof of good character is to raise a presumption that the accused was not likely to have committed the crime. The force of that presumption may be rebutted by the strength of the evidence showing actual guilt, or by evidence from the lips of an accused while testifying showing his own bad character. Good character alone is no excuse for crime, nor does it alone establish innocence. If good character has been established it is a fact bearing upon the question of the defendant's guilt or the grade of offense, and should be considered with all the other evidence and cir-

cumstances of the case; and if you then entertain a reasonable doubt as to the defendant's guilt, you must give him the benefit of such doubt and return a verdict of not guilty. If, however, after considering all the evidence including the evidence as to good character, you are satisfied beyond a reasonable doubt that the defendant is guilty, then it is your duty to return a verdict of guilty, notwithstanding the evidence as to good character.

Defendant's Youth. Allusion has been made to the youth of the defendant. He was about fifteen years of age when the alleged crime was committed. In law, all persons of fourteen years and over are old enough to be able to commit the crime of murder. While his youth may enlist your sympathy it should not affect your judgment. It may, however, be considered on the question of recommending mercy to the court. Neither should you be deterred from doing your full duty by any thought or suggestion that in case you find him guilty of murder in the first degree without a recommendation of mercy, you will be in any way responsible for his death. That responsibility is upon the legislature enacting the law, the guilty party who voluntarily brings himself within the terms of the statute and the court pronouncing the sentence.

Weight and Credibility: The jury are the sole judges of the weight of the testimony and the credibility of the witnesses. If one witness testifies directly opposite to another the jury is not bound by the fact to regard the weight of the evidence as evenly balanced. The jury has the right to determine from the appearance of the witness on the stand: his manner and conduct while testifying; his apparent candor, frankness and intelligence; his relationship—business or otherwise—to the party; his interest, temper, feeling or bias, if any, and from these and all other facts and circumstances appearing on the trial, which witness is the more worthy of credit, and to give credit accordingly.

There will be given you nine forms of verdict:

1st. A simple form of verdict of guilty of murder in the first degree under the second count of the indictment.

2nd. A form of verdict of guilty of murder in the first degree under the second count of the indictment, with a recommendation of mercy.

3rd. A form of verdict of guilty of murder in the first degree under the first count of the indictment.

4th. A form of verdict of guilty of murder in the first degree under the first count of the indictment with a recommendation of mercy.

5th. A form of verdict of guilty of murder in the second degree under the first count of the indictment.

6th. A form of verdict of guilty of manslaughter under the first count of the indictment.

7th. A form of verdict of guilty of assault and battery under the first count of the indictment.

8th. A form of verdict of guilty of assault alone under the first count of the indictment.

9th. A form of verdict of not guilty.

You will fill out the one which you have found to agree with your finding of the facts under the law as given you, to be signed by your foreman.

The jurors must all unite before a verdict can be rendered. Each juror, in doing so, should vote according to his own individual opinion. The object of selecting twelve men to constitute a jury is that twelve should agree upon the truth of their findings. It is your duty, however, not to hold out arbitrarily and refuse to agree with the other jurors who may convince you of the error of your judgment, but you should enter with them into a fair and honest discussion, deliberation and exchange of views, and, provided you can do so honestly, change your individual opinion and yield to a greater number in order that you may reach a united and impartial verdict.

The attorneys, owing to the importance of the case, have been allowed great latitude of discussion. In their anxiety and zeal they have urged upon you considerations which have no pertinence to the case. They are apt,

[COPYRIGHT, 1899, BY CARL G. JAHN.]

perhaps, not intentionally, in a heated controversy to abuse each ^ther severely, and to elicit and excite your sympathies which may draw away from your minds the main controversy. You must, therefore, exclude from your minds promptly and manfully all impressions and convictions that are not made or founded upon the testimony as it appeared befcre you and the law as given you by the court.

Remember, gentlemen, into your hands is consigned the solemn and responsible duty of determining on the one hand a finding, the result of which involves the life or liberty of this defendant, and on the cther a finding of facts, the result of which involves the preservation and enforcement of the law in the punishment of the guilty for crime, the upholding of the righteousness of the administration of justice and the just protection, the peace and welfare of the pecple. Having done it impartially, carefully and conscientiously, let neither fear ncr feeling of the punishment for or consequences of such findings disturb your consciences in the future. I feel quite certain, therefore, that you will give this case your earnest and faithful consideration and, as your oath requires you, just and true deliverance make—that is, the truth to say between the state of Ohio and Albert Lukens, the prisoner at the bar.

You may retire to the jury room, choose a foreman and deliberate on the case.